**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

WOLVERINE WORLD WIDE, INC.,
a Delaware corporation,

      Plaintiff,

v.

LEE NAM ENTERPRISES, INC., a New
York corporation, STARDOM, INC.,
a New York corporation, and CUONG
UNG, an individual, jointly and severally

      Defendants.

Case No. _____

Hon. _____

**COMPLAINT AND JURY DEMAND**

---

R. Michael Azzi (P74508)
Warner Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2784

---

      Plaintiff Wolverine World Wide, Inc. ("**Wolverine**"), by its attorneys, Warner Norcross & Judd LLP, brings this Complaint against Defendants Lee Nam Enterprises, Inc. ("**Lee Nam**"), Stardom Inc. ("**Stardom**") (collectively, the "**Companies**"), and Cuong Ung, stating as follows:

      1.      Wolverine is a Delaware corporation with its principal place of business at 9341 Courtland Drive NE, Grand Rapids, Michigan 49525.

      2.      Defendant Lee Nam is a New York corporation with its principal place of business at 444 Broadway, New York, New York 10013.

3. Defendant Stardom is a New York corporation with its principal place of business at 444 Broadway, New York, New York 10013.

4. This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship, and the amount in controversy exceeds $75,000.

5. Venue is appropriate because Wolverine's principal place of business is in this District.

### GENERAL ALLEGATIONS

4. Wolverine incorporates its allegations contained in the preceding paragraphs as if fully set forth here.

5. Since at least 1994, Wolverine has sold footwear and apparel products (the "**Products**") to Lee Nam.

6. Upon information and belief, in 2002, the owners of Lee Nam incorporated Stardom, a New York corporation with the same principal place of business as Lee Nam.

7. After Stardom was incorporated, Wolverine continued selling products to Lee Nam. At all times relevant to this Complaint, Wolverine sold Products to Lee Nam and Stardom (the "**Companies**") based on the understanding that they were in fact a single business entity.

8. At the Companies' request, Wolverine supplied the Companies with the Products pursuant to invoices that are summarized in the customer statement attached as **Exhibit A** (the "**Account Statement**"). The Account Statement shows Wolverine sold the Products to "Stardom Inc. d/b/a Lee Nam Ent. Inc."

9. The Companies agreed to pay Wolverine for the Products that Wolverine provided to the Companies.

10. Wolverine supplied the Companies with the Products requested.

11. The Companies have failed to pay for the Products Wolverine provided and have otherwise breached and defaulted on their obligations to Wolverine.

12. Wolverine demanded payment from the Companies, but the Companies have failed to pay.

13. As set forth in the Account Statement, the Companies owe Wolverine not less than $178,632.30 for the Products.

### COUNT I
### (UCC 2-709 – ACTION FOR THE PRICE AGAINST THE COMPANIES)

14. Wolverine incorporates by reference the allegations in all previous paragraphs.

15. At the Companies' request, Wolverine supplied the Companies with the Products in accordance with the invoices referenced in the Account Statement.

16. The Companies failed to pay the price for the Products as it became due.

17. Under Section 2-709 of the Uniform Commercial Code, Wolverine is entitled to recover the price of the Products it provided to the Companies, which is not less than $178,632.30, plus interest and costs.

WHEREFORE, Wolverine requests that this Court enter judgment in favor of it and against Lee Nam and Stardom, jointly and severally, in an amount not less than $178,632.30, plus attorney fees, interest and costs, and that this Court grant Wolverine such other and further relief as may be just and proper.

## COUNT II
### (BREACH OF CONTRACT AGAINST THE COMPANIES)

18. Wolverine incorporates by reference the allegations in all previous paragraphs.

19. Wolverine and the Companies entered into a contract under which Wolverine provided Products to the Companies, and the Companies agreed to pay for the Products.

20. The Companies have failed to pay for the Products that Wolverine provided and have otherwise breached and defaulted on their contractual obligations to Wolverine.

21. The Companies owe Wolverine an amount not less than $178,632.30, plus interest, for the Products that Wolverine provided under the contract.

WHEREFORE, Wolverine requests that this Court enter judgment in favor of it and against Lee Nam and Stardom, jointly and severally, in the amount of $178,632.30, plus interest, and that this Court grant Wolverine such other and further relief as may be just and proper.

## COUNT III
### (CLAIM ON GUARANTY AGAINST DEFENDANT UNG)

22. Wolverine incorporates by reference the allegations in all previous paragraphs.

23. Defendant Ung signed a personal guaranty of payment for all debts of Lee Nam on November 14, 1994 (the "**Guaranty**"), which is attached as **Exhibit B**.

24. Lee Nam operates as a d/b/a for Stardom, as set forth in the Account Statement.

25. The Companies defaulted on payment for the Products, and the amount due is not less than $178,632.20.  Ung guaranteed such amounts under the Guaranty.

26. Wolverine has made demand upon Defendant Ung for payment of the amount due under the Guaranty.

27. Defendant Ung has failed and refused to pay the amount due.

28. The Guaranty allows Wolverine to recover its reasonable attorney fees and costs.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of it and against Defendant Ung in the amount of $178,632.30, plus attorney fees, interest and costs, and that this Court grant Wolverine such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury in this matter.

Dated: June 17, 2013

WARNER NORCROSS & JUDD LLP
Attorneys for Plaintiff

By /s/ R. Michael Azzi
   R. Michael Azzi (P74508)
   900 Fifth Third Center
   111 Lyon St., N.W.
   Grand Rapids, MI 49503
   616-752-2784
   mazzi@wnj.com

001621.153187 9088831-4